UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHY PARKER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEALED AIR CORPORATION, <br><br> Defendant. | No. 15–cv–1354 (KM)(MAH) <br><br> OPINION AND ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of the defendant, Sealed Air Corporation ("Employer"), for judgment on the pleadings under Fed. R. Civ. P. 12(c). Plaintiffs ("Employees"), who work at Sealed Air's South Carolina facility, bring this action seeking incentive pay that they say was wrongfully withheld. For the reasons stated herein, the Employer's motion is **DENIED**.

**Standard**

Federal Rule of Civil Procedure 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standard applies. *Id.* To withstand dismissal, the complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed R. Civ. P. 8(a).

For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor

1

of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 555, 570; *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

**The Complaint**

The motion focuses on the complaint's claim of breach of contract, which hinges on the Employer's Annual Incentive Plan ("AIP"). Essentially Employees claim that that Employer retroactively manipulated their job performance rankings to bring them below the rating of 2.8 that would have entitled them to a bonus.

The terms of the AIP were circulated to employees in a document, the "2012 Annual Incentive Plan Formal Communication," that summarized the incentive structure in relation to the performance rankings. Employees allege that they were assigned a ranking of 3.0 (out of 5) at the end of 2012. On February 27, 2013, however, their ratings were changed to 2.7. That, they say, was not a bona fide ranking, but a result of the Employer's decision to exclude 15% of the AIP participants from the incentive pool. Management allegedly explained that this change reflected a change of policy from "goal ranking" to "forced ranking."

**Analysis**

In support of its motion, Employer contends that the disclosure document does not set forth any promise specific enough to give rise to an entitlement to a rating of 3.0. The disclosure document states that in the event

2

of a conflict, the AIP itself will control. Employer quotes the AIP itself, which contains a disclaimer vesting final authority in the Employer, with authority to modify terms, and a statement that it does not constitute a contract of employment. Employer suggests facts that tend to disprove that bonuses vested at the end of the year. And it says the 2012 year-end ratings were "tentative." The Employer cites case law to the effect that a contract cannot be formed under such vague circumstances, without clear agreement as to terms. *See* ECF no. 10-1 at 14–15 (citing, *e.g.*, *Shebar v. Sanyo Bus. Sys. Corp.*, 111 N.J. 276, 290 (1988)).

Were this strictly a forward-looking exchange of promises, I would be more inclined to accept Employer's argument. Here, however, Employees have alleged, not only that they *should* have received a ranking of 3.0 under the AIP standards, but that they *did* receive such a ranking. That fact might be interpreted to eliminate the vagueness problem. Or it might not, but this is a motion to dismiss. Employees set forth an established course of dealing with the Employer. They point to language in the AIP and disclosure document that indicate bonuses will be paid based on the attainment of goals during the year. And they raise questions about the prominence of any disclaimers, their timing, and the employees' knowledge of the terms of the AIP, as opposed to the disclosure document.

Employees cite black letter contract law to the effect that a "unilateral contract" may result, not from an exchange of promises, but from an offer that contemplates performance, which may be accepted by rendering performance. In particular, an employer's undertaking to pay a bonus or pension to an employee who remains on the job for a certain period may result in contract formation if the employee in fact remains on the job for that period. *See* ECF no. 16 (citing, *e.g.*, Restatement (Second) of Contract §§ 25, 45 & cmt. d (1981); 2 Corbin, Contracts § 6.2 (rev. ed. 1995); *Woolley v. Hoffman-La Roche*, 99 N.J. 284 (1985)). Where a contract exists, the implied covenant of good faith

and fair dealing, too, may bear on the permissibility of the alleged "rug-pulling" in February 2013.

Employer, to be sure, raises cogent factual contentions and arguments in response to the Employees' claims. These must await summary judgment. This complaint cannot be disposed of on the pleadings, because it raises factual contentions which, if credited, support a cause of action.

## ORDER

The plaintiffs having filed a complaint (ECF no. 1), and the defendants having answered (ECF no. 7); and the defendants having thereafter moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) (ECF no. 10); and the plaintiffs having filed a response (ECF no. 16); and the defendants having filed a reply (ECF no. 17); and the court having considered the matter without oral argument and rendered the foregoing Opinion; and good cause appearing therefor:

IT IS this 9th day of March, 2016

ORDERED that defendant's motion for judgment on the pleadings (ECF no. 10) is DENIED.

_____
Hon. Kevin McNulty
**United States District Judge**